## THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **KRISTIN DEGROOT, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MURDER MYSTERY COMPANY INC., and AMERICAN IMMERSION THEATER, LLC,**<br><br>**Defendants.** | **Case No: _____**<br><br><br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Kristin DeGroot worked as a Performer in New York City for The Murder Mystery Company, Inc. ("MMC"), a company under the umbrella of American Immersion Theater, LLC ("AIT") (collectively, "Defendants"). Defendants employ hundreds of Performers across at least 40 different locations in the United Sates. Ms. DeGroot alleges that the Defendants wrongfully classify their employees as independent contractors and have failed to pay DeGroot and other Performers minimum wages for all hours worked or overtime premium wages for hours worked over 40 in a week. Ms. DeGroot, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by her attorneys upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Ms. DeGroot brings this Fair Labor Standards Act (FLSA) collective action and New York Labor Law Rule 23 class action on behalf of herself and other individuals who work or have worked as Performers for Defendants' interactive entertainment business and who were classified by Defendants as independent contractors. Defendants' classification of Plaintiffs as independent contractors was wrongful, as Plaintiffs actually were employees, and as a result,

Plaintiffs were deprived of compensation in violation of the minimum wage and overtime protections of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2.      Ms. DeGroot and other Performers, both in New York and elsewhere across the country, regularly worked over 40 hours in a week and were not paid minimum wage or overtime premium wages for hours they worked over 40 in a week.

3.      Defendants wrongly classified Performers in New York as independent contractors.

4.      Defendants also wrongly classified Performers in most (but not all) other states as independent contractors.

5.      Ms. DeGroot brings claims for minimum wage and overtime violations under the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision, 29 U.S.C. § 216(b), on her own behalf and on behalf of other similarly situated individuals who have worked anywhere in the United States as Performers for Defendants' interactive entertainment business and who Defendants misclassified as independent contractors ("FLSA Collective").

6.      Pursuant to Fed. R. Civ. P. 23, Ms. DeGroot also brings claims for minimum wage, spread of hours, overtime, wage notice, and wage statement violations under NYLL Articles 6 and 19 and their implementing regulations. Ms. DeGroot brings these claims on her own behalf and on behalf of a New York Class of individuals who have worked as Performers for Defendants' interactive entertainment business in New York and who Defendants classified as independent contractors (hereafter, the "New York Class").

## **JURISDICTION**

7.      Jurisdiction is specifically conferred upon this Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. In addition, because this action arises under the laws and regulations of the United States, and specifically the laws and regulations governing commerce, 28 U.S.C. § 1331, and 28 U.S.C. § 1337 each confer jurisdiction upon this Court.

9. This Court has jurisdiction over the claims arising under NYLL pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (1) upon information and belief, the class has 100 or more members; (2) at least one class member is diverse to a Defendant; and (3) upon information and belief, the amount in controversy is more than $5 million.

10. Alternatively, this Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. § 1367(a).

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because both Defendants reside within this District. Both Defendants also are incorporated and established under the laws of Michigan, and both Defendants' principal place of business is in Grand Rapids, Michigan, and as such, both Defendants are subject to this Court's personal jurisdiction.

## THE PARTIES

*Plaintiff*

12. Ms. DeGroot was employed by Defendants as a Performer in New York City from November 2019 to August 9, 2023, and her consent to be a party to this action is being filed contemporaneously with this complaint.

13. Ms. DeGroot is a resident of Guttenberg, New Jersey.

14. Ms. DeGroot and the individuals she seeks to represent (A) work or worked as Performers for Defendants' interactive entertainment business, in either (i) New York or (ii) other locations in the United States; and (B) were classified by Defendants as independent contractors.

3

15.     Plaintiffs were engaged in commerce while working for Defendants.

16.     Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(d).

*The Defendants*

17.     Each Defendant, MMC and AIT, lists its business address as 4550 Airwest Dr. SE, Kentwood, MI 49512.

18.     AIT describes itself as "the premier provider of immersive entertainment experiences in North America."

19.     MMC is one of the companies or "brands" under the AIT umbrella. MMC puts on immersive murder mystery events, such as parties and dinner theater shows.

20.     Defendants employ hundreds of Performers across 40 different locations in the United Sates.

21.     Upon information and belief, Defendants grossed more than $500,000 in each of the past three fiscal years.

## FLSA COVERAGE

22.     Defendants are or have been employers within the meaning of 29 U.S.C. § 203(d).

23.     Defendants are and have been an enterprise within the meaning of 29 U.S.C. § 203(r).

24.     Defendants are or have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and

has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25.     At all relevant times, Ms. DeGroot and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

26.     Defendants operate a national immersive entertainment business that provides entertainment services for private parties, corporate events, birthdays, or other special occasions, as well as public dinner theater shows, where guests participate in a live-action performance, such as a murder mystery or other themed scenario.

27.     Ms. DeGroot was employed by Defendants in New York as a Performer to work as an actor in interactive shows, including murder mystery dinners and birthday parties, in the New York City metropolitan area.

28.     Defendants employ hundreds of Performers across the United States, and they boast to have offered over 7,000 interactive shows to more than 800,000 guests.

29.     The acting work that Ms. DeGroot and other Plaintiffs have provided, both in New York and all across the United States, is an integral part of Defendants' business.

30.     Defendants, as a policy and practice, misclassified Ms. DeGroot and other Plaintiffs across the United States as "independent contractors."

31.     Defendants pay Performers such as Ms. DeGroot and others a base rate of as little as $75 per performance.

32.     The shows that Ms. DeGroot and other Performers worked on required two to six hours of rehearsal and preparation.

33.     A single interactive performance, including set up and clean up, could take up to twelve hours.

34.     Ms. DeGroot frequently worked on two to three shows per week, and on at least one occasion, up to five shows in a week. Together with rehearsal and preparation time, this could take up to 45 hours or more a week.

35.     As result of the flat rates paid by Defendants, and the long hours that Ms. DeGroot worked, she was not paid minimum wage for all hours she worked, and she was not paid overtime premiums for all hours worked over 40 in a week.

36.     Just like Ms. DeGroot, other Performers across the United States also frequently worked over 40 hours a week.

37.     The flat rate Defendants paid per performance was not enough to compensate Performers across the United States for all their work hours at the minimum wage.

38.     The flat rate Defendants paid per performance was not enough to compensate Performers across the United States for all their overtime hours.

39.     Despite Defendants' misclassification otherwise, Ms. DeGroot and other Performers were never independent contractors, but rather they were employees, because:

    a.  Defendants required Performers to attend mandatory trainings to learn information that was specific to Defendants' company;

    b.  Defendants dictated when and where Performers were to perform;

    c.  Defendants determined the rate or rates of compensation Performers received per performance;

    d.  Performers could not negotiate the terms and conditions of engagement for each performance;

    e.  Performers were required to personally perform the work Defendants assigned, and they could not hire others to do it;

    f.  Defendants required Performers to abide by the policies, practices, and procedures in their employment handbooks;

    g.  Defendants retained the right to discipline or discharge any Performer for

6

failing to comply with its policies, practices, and procedures;

h.  Defendants required Performers to sign non-competition agreements as a
    condition of employment;

i.  Performers were involved in—and indeed were foundational to—Defendants'
    primary (if not only) business; and

j.  The work of the Performers was integral to the business of Defendants, as
    Defendants could not operate an interactive entertainment business without
    Performers to put on their shows.

40.     Defendants knew or should have known the hours Performers worked and that the

flat rate Defendants paid per performance fell short of the applicable minimum wage.

41.      Defendants knew or should have known that Performers frequently worked over

40 hours in a week, and that the flat rate Defendants paid per performance failed to compensate

Performers the overtime premiums they were owed for hours worked over 40 in a week.

42.     Defendants did not act in good faith when they failed to comply with the wage

and hour laws.

43.     Defendants' failure to comply with the wage and hour laws was willful.

44.     Upon information and belief, Defendants previously classified Performers in

California as independent contractors, but Defendants have since reclassified those Performers in

California as employees.

45.     Accordingly, Defendants knew or should have known that classifying Performers

as independent contractors is improper and in violation of the wage and hour laws.

46.     Because Defendants paid Ms. DeGroot and other Performers a flat rate for each

performance, Defendants did not provide Ms. DeGroot with a written notice upon hiring that

included her regular hourly rate of pay or overtime rate of pay.

47.     Upon information and belief, Defendants also did not provide other Performers in

New York with a written notice upon hiring that included that Performer's regular hourly rate of

pay and their overtime rate of pay.

48. Defendants did not provide Ms. DeGroot with a wage statement for each week she worked containing:

      a. Regular hours worked

      b. Overtime hours worked

      c. Regular rate or rates of pay

      d. Overtime rate or rates of pay

      e. How she is paid

      f. Her gross and net wages

      g. Itemized deductions

      h. Itemized allowances and credits Defendants claimed

      i. Employer's name, address, and phone number

      j. Dates covered by the payment.

49. Upon information and belief, Defendants also did not provide other Performers in New York with a wage statement for each week they worked containing, among other things:

      a. Regular hours worked

      b. Overtime hours worked

      c. Regular rate or rates of pay

      d. Overtime rate or rates of pay

      e. How the Performer is paid

      f. The Performer's gross and net wages

      g. Itemized deductions

      h. Itemized allowances and credits Defendants claimed

      i. Employer's name, address, and phone number

      j. Dates covered by the payment.

## **COLLECTIVE ACTION ALLEGATIONS**

50. Ms. DeGroot brings FLSA overtime claims on behalf of herself and all similarly situated persons:

who work or worked for Defendants anywhere in the United States as Performers, Actors, or other similar job titles, and who Defendants classified as independent contractors at any time between three years prior to the filing of this action and the date of final judgment in this matter (the "FLSA Collective").

51.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Ms. DeGroot and the FLSA Collective. Ms. DeGroot and the FLSA Collective Members work or worked for Defendants as Performers and in so doing, they have been subjected to Defendants' policy and practice of misclassification as independent contractors and failure to pay minimum wages for all hours worked or overtime premium wages for all hours worked over 40 in a week.

52.     Ms. DeGroot's claim for minimum wage and overtime premium pay is similar to the claim of the other FLSA Collective Members, and her claim depends on similar factual and legal questions, including but not limited to, whether Defendants knew or should have known that they were misclassifying the FLSA Collective Members, whether Defendants knew or should have known FLSA Collective Members were working so many hours that the flat rate of pay Defendants paid Performers amounted to less than minimum wage, whether Defendants knew or should have known that FLSA Collective Members were working over 40 hours in a week and thus Defendants owed them overtime premium wages, whether Defendants failed and/or refused to pay the FLSA Collective Members overtime premium wages, and whether Defendants' violations were willful.

53.     Upon information and belief, there are hundreds of similarly situated current and former individuals who worked as Performers for Defendants and who have been underpaid in violation of the FLSA. These individuals would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

54.     Those similarly situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

55.     Ms. DeGroot brings this case as a Rule 23 class action on behalf of all similarly situated individuals:

> who work or worked for Defendants anywhere in the State of New York as Performers, Actors, or other similar titles, and who Defendants classified as independent contractors at any time between six years prior to the filing of this action and the date of final judgment in this matter (the "New York Class").

56.     Upon information and belief, the New York Class is composed of more than 40 individuals.

57.     Ms. DeGroot and the New York Class Members work or have worked for Defendants as Performers and have been subjected to Defendants' policy and practice of misclassification and failure to pay minimum wages for all hours worked or overtime premium wages for all hours worked over 40 in a week.

58.     Ms. DeGroot and the New York Class Members have been subjected to Defendants' policy and practice of failure to provide adequate notice upon hiring as required by the NYLL.

59.     Ms. DeGroot and the New York Class Members have been subjected to Defendants' policy and practice of failure to provide adequate wage statements in compliance with the NYLL.

60.     Defendants acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief appropriate with respect to the New York Class.

61.     There are questions of law and fact common to the New York Class including but not limited to, whether Defendants knew or should have known that they were misclassifying the New York Class Members, whether Defendants knew or should have known New York Class

10

Members were working so many hours that the flat rate of pay Defendants paid Performers amounted to less than minimum wage, whether Defendants knew or should have known that New York Class Members were working over 40 hours in a week and thus Defendants owed them overtime premium wages, whether Defendants failed and/or refused to pay the New York Class Members overtime premium wages, whether Defendants' violations were willful, whether Defendants failed to provide adequate notice upon hiring to New York Class Members in compliance with NYLL, and whether Defendants failed to provide adequate wage statements to New York Class Members in compliance with NYLL.

62.     Ms. DeGroot's claims are typical of the claims of the New York Class she seeks to represent.

63.     Ms. DeGroot and her counsel will adequately protect the interests of the New York Class.

64.     Common questions of law or fact predominate over individual questions, and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

## <u>FIRST CAUSE OF ACTION</u>

**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
**on behalf of Ms. DeGroot and the FLSA Collective**

65.     For many years, Ms. DeGroot and the FLSA Collective Members worked for Defendants as Performers, and Defendants wrongfully classified them as independent contractors.

66.     During that time, Defendants paid Ms. DeGroot and the FLSA Collective Members a flat rate for each performance, which often did not amount to minimum wage for all hours worked by the FLSA Collective.

67.     During that time, Ms. DeGroot and the FLSA Collective often worked more than 40 hours in a week, and Defendants did not pay them overtime premium wages for all hours

worked over 40 in a week.

68.     Defendants failed to accurately record, report, and/or preserve records of hours worked by Ms. DeGroot and other similarly situated individuals. In so doing, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

69.     Defendants' misclassification of Ms. DeGroot and the FLSA Collective Members as independent contractors, and Defendants' failure to pay Ms. DeGroot and the FLSA Collective Members minimum wages for all hours worked or overtime wages for all hours worked over 40 in a week violated the FLSA, 29 U.S.C. § 207, and its implementing regulations.

70.     Defendants' violations of the FLSA caused injury to Ms. DeGroot and the FLSA Collective.

71.     Ms. DeGroot and the FLSA Collective Members are entitled to relief for Defendants' FLSA violations, including unpaid wages, liquidated damages, costs, and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### NYLL §§ 190 *et seq.*, NYLL §§ 650 *et seq.*, 12 N.Y.C.R.R. Part 142 on behalf of Ms. DeGroot and the New York Class

72.     Defendants wrongfully classified Ms. DeGroot and the New York Class Members as independent contractors.

73.     Defendants failed to pay minimum wages for all hours worked to Ms. DeGroot and the New York Class Members in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

74.     Defendants failed to pay overtime premium wages for all hours worked over 40 in

a week to Ms. DeGroot and the New York Class Members in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

75.     As a result of Defendants' violations of the New York Labor Law, Ms. DeGroot and the New York Class Members have suffered damages by being denied minimum wages for all hours worked and overtime premium wages for all hours worked over 40 in a week in accordance with New York Labor Law in an amount to be determined at trial.

76.     Ms. DeGroot and the New York Class Members are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§ 190 *et seq.*, and NYLL §§ 650 *et seq.*, and the supporting regulations, 12 NYCRR Part 142.

### THIRD CAUSE OF ACTION

**NYLL §§ 190 *et seq.*,**
**on behalf of Ms. DeGroot and the New York Class**

77.     New York Labor Law § 195(3) requires all employers to provide all non-exempt employees, with every payment of wages, a wage statement that includes, among other information, the number of regular hours worked, the number of overtime hours worked, the regular rate or rates of pay, the overtime rates of pay, the basis for the employee's pay, the total gross wages, itemized deductions, itemized allowances and credits the employer claims, the dates of work covered by that payment of wages, the name of the employee, the name of the employer, the address of the employer, and the telephone number of the employer.

78.     Defendants violated NYLL § 195(3) by failing to provide Ms. DeGroot and other New York Class Members with compliant wage statements that reflected, among other information:

    a.   Number of regular hours worked

    b.   Number of overtime hours worked

    c.   Regular rate or rates of pay

    d.   Overtime rate or rates of pay

    e.   The basis for the Performer's pay

    f.   The Performer's gross and net wages

    g.   Itemized deductions

    h.   Itemized allowances and credits Defendants claimed

    i.   Employer's name, address, and phone number

    j.   Dates covered by the payment.

79.    Upon information and belief, Defendants' failure to provide such adequate wage statements in compliance with NYLL § 195(3) is part of a policy and widespread practice in violation of the New York Labor Law.

80.    As a result of Defendants' failure to provide adequate wage statements in violation of NYLL § 195(3), Ms. DeGroot and the New York Class Members suffered wage theft.

81.    Defendants' violation of NYLL § 195(3) caused actual injury and harm to Ms. DeGroot and the New York Class Members for which they are entitled to statutory damages in an amount to be determined at trial, plus costs and attorneys' fees, pursuant to NYLL §§ 190 *et seq.*

**FOURTH CAUSE OF ACTION**

**NYLL §§ 190 *et seq.***
**On behalf of Ms. DeGroot and the New York Class**

82.    New York Labor Law § 195(1)(a) requires employers to provide their employees at the time of hiring with a written notice in English and in the language identified by each employee as their primary language. For all employees who are not exempt from overtime, the notice must state the regular rate of pay and the overtime rate of pay. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and

dated written acknowledgement of receipt of such notice, in English and in the employee's primary language, which the employer must preserve and maintain for six years.

83.    Upon information and belief, Defendants did not provide Ms. DeGroot or the New York Class Members with adequate notice upon hiring as required by NYLL § 195(1)(a).

84.    Upon information and belief, Defendants' failure to provide adequate notice upon hiring as required by NYLL § 195(1)(a) is a function of a policy and widespread practice in violation of the New York Labor Law.

85.    As a result of Defendants' failure to provide adequate notice upon hiring in violation of NYLL § 195(1)(a), Ms. DeGroot and the New York Class Members have suffered wage theft.

86.    Defendants' violation of NYLL § 195(1)(a) has caused Ms. DeGroot and the Members of the New York Class to suffer actual harm and injury for which they are entitled to statutory damages in an amount to be determined at trial, plus costs and attorneys' fees, pursuant to NYLL §§ 190 *et seq.*

## RELIEF SOUGHT

**WHEREFORE**, **with respect to the FLSA violations,** Ms. DeGroot, on behalf of herself and the Members of the FLSA Collective, seeks judgment against Defendants as follows:

1.    Recognition and treatment of this proceeding as a collective action under 29 U.S.C. § 216(b), and an order granting notice to the putative FLSA Collective at the earliest opportunity to ensure FLSA Collective Members' claims are not lost to the FLSA statute of limitations;

2.    A finding that Defendants are liable under the FLSA for unpaid back wages due to Ms. DeGroot and all FLSA Collective Members, as well as liquidated damages in an equal

amount to the unpaid compensation due;

3.  An award to Ms. DeGroot and the FLSA Collective of the costs of this action, as provided under the FLSA;

4.  An award to Ms. DeGroot and the FLSA Collective of their attorneys' fees, as provided under the FLSA;

5.  An award to Ms. DeGroot and the FLSA Collective of pre-judgment and post-judgment interest in the highest rates allowed by law; and

6.  Any further relief as this Court may find just and appropriate.

**WHEREFORE, with respect to the New York Labor Law violations,** Ms. DeGroot, on behalf of herself and the Members of the New York Class, seeks judgment against the Defendants as follows:

1.  Certification of this action as a Rule 23 class action;

2.  Designation of Ms. DeGroot as the Class Representative;

3.  Appointment of the undersigned counsel as Class Counsel;

4.  Declaration of the practices alleged herein as unlawful under the laws of New York;

5.  An Order for appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including, but not necessarily limited to, and order enjoining Defendants' from continuing their unlawful practices and for restitution to be paid by Defendants according to proof;

6.  An award of damages to include unpaid back wages, an equal amount in liquidated damages, and all appropriate statutory penalties;

7.  An award of pre-judgment and post-judgment interest, as provided by law;

8.  An award of the costs of this action, including expert fees and costs;

9.  An award of attorneys' fees; and

10. Any other relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.


Dated: September 27, 2024

Respectfully submitted,


_s/Meagan M. Rafferty_
Meagan M. Rafferty
HKM Employment Attorneys, LLP
153 Main St, Suite 201
New Paltz, NY 12561
Tel: 212-439-4765
mrafferty@hkm.com
www.hkm.com

_s/Rachhana T. Srey_
Rachhana T. Srey
Nichols Kaster, PLLP
4700 IDS Center
80 South Eighth St
Minneapolis, MN 55402
Tel: 612-256-3239
srey@hka.com
www.nka.com

ATTORNEYS FOR PLAINTIFF